# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMES EUGENE WEINERT,

      Defendant-Appellant.

UNPUBLISHED
August 15, 2017

No. 332744
Van Buren Circuit Court
LC No. 15-020119-FH

Before: HOEKSTRA, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of second-degree arson, MCL 750.73. He was sentenced to 15 months to 20 years' imprisonment. We affirm.

This case involves the arson of a mobile home trailer, which, although he did not reside there, was owned by defendant, and he allowed his daughter and her then-boyfriend to live in the trailer. At the time of the fire, the boyfriend was the only person actually living in the trailer and defendant was fixing up the trailer for a prospective sale, which would require the boyfriend to vacate the property. The boyfriend's personal belongings were in the trailer when it caught fire.

A female neighbor, who lived in the same trailer park as defendant, testified that she could see the rear of defendant's trailer by looking out her bedroom window, although she could not see the front of defendant's trailer. The neighbor observed defendant mowing the lawn at his trailer on a regular basis, but she did not personally know defendant. In the weeks leading up to the fire, the neighbor had seen defendant numerous times at his trailer loading various items into his truck and hauling them away. On the day of the fire, the neighbor was sitting in her bedroom doing her medical treatments and looking out her window when she saw defendant and his truck at defendant's trailer; she did not observe defendant put anything in his truck that day. According to the neighbor, defendant was at the trailer for a short time before leaving and then returning soon thereafter. The neighbor testified that, upon defendant's return, he backed his truck into the driveway, exited the vehicle, while leaving the truck running and its door open, and walked around the trailer until out of the neighbor's line of vision. A few minutes later defendant came back into view, entered his truck, and drove off to the left. The neighbor found it odd or unusual that defendant had backed his truck up to the trailer and that he had headed to the left when driving away, as she had never seen him do either one in the past. The neighbor testified that less than ten minutes after defendant drove away from the trailer, she saw smoke

-1-

coming out of defendant's trailer and told her husband to call the fire department. She did not observe anyone other than defendant at his trailer before or at the time she first noticed smoke coming from the trailer. The neighbor did not specifically testify that she was in her bedroom or looking out of her bedroom window during the ten minutes or so between seeing defendant drive away and her first observation of smoke. She did indicate earlier in her testimony as follows:

> I have several different ailments and I have different machines. I have an oxygen machine in my bedroom and that's where usually I spend most of my time at.

The neighbor testified that her husband put some birdhouses and birdfeeders in view of her bedroom window because of her need to spend so much time in her bedroom.

The neighbor did see other individuals at the trailer after the fire had started. There was other evidence presented which showed that three men, essentially good Samaritans, had jumped a fence between a Meijer store and the trailer after seeing the smoke, made entry into the trailer in case someone was still in the trailer, and then exited the trailer.

A male friend of defendant's daughter, who knew the daughter's boyfriend and defendant, testified that he lived in the trailer park and saw the fire after it had started. He observed defendant's truck at the trailer on the day of the fire, but he did not actually see defendant. This witness stated that he saw smoke coming from defendant's trailer within 25 to 30 minutes of noticing that defendant's truck was gone after the witness had driven by defendant's trailer. He did not see defendant's daughter's former boyfriend at all on the day of the fire.

A local detective who investigated the fire interviewed defendant about two months after the fire. Defendant admitted to being at the trailer on the day of the fire from about 1:00 p.m. until about 4:00 p.m., making repairs to the trailer. Defendant told the detective that he had put new siding and roofing on the trailer and made other substantial repairs. Defendant indicated that he had put the trailer up for sale for $5,000 and that he had a potential buyer coming to look at the trailer on the day of the fire. Defendant ultimately received about $14,500 in insurance proceeds arising out of the trailer fire. The detective ruled out defendant's daughter's boyfriend as a suspect before interviewing defendant, given statements made by the boyfriend and his family and the fact that all of the boyfriend's personal property was in the trailer when it burned.

A detective with the Michigan State Police Fire Investigation Unit, who was qualified as an expert in "fire origin and cause investigation," opined that the cause of the trailer fire was "definitely arson," considering that he identified two points of origin for the fire and two distinct and separate burn patterns. The detective testified that his investigation ruled out accidental and natural causes of the fire based on an inspection of the trailer's electrical outlets.

On appeal, defendant presents four arguments entailing (1) the sufficiency of the evidence, (2) the great-weight of the evidence, (3) prosecutorial misconduct, and (4) ineffective assistance of counsel. The underlying premise of all of these arguments concerns the testimony of the female neighbor and her failure to testify that, as to the ten or so minutes between defendant leaving his trailer and her first seeing smoke, she was in her bedroom and looking out

the window toward the trailer. Defendant asserts that the neighbor's testimony that she did not observe anyone else at the trailer between the time defendant left and her first observation of smoke was not very meaningful absent an indication that she was looking outside of her bedroom window during the interval. Defendant contends that the neighbor's testimony, or specific lack thereof, when considered in conjunction with the evidence reflecting that defendant's daughter's boyfriend had a motive to burn the trailer, that the daughter's male friend spoke of a 30-minute delay between the fire and his observation of defendant's missing truck, and that defendant had been working on the trailer and planned to sell it, undermines the guilty verdict. Defendant does not dispute the evidence that defendant had been at the trailer before the fire started and that the cause of the fire was arson.

With respect to the sufficiency of the evidence, there can be no doubt that the prosecution's case would have been stronger had the neighbor specifically testified that she was looking toward defendant's trailer the whole time between defendant's leaving and her observation of smoke.[1] But we conclude that the absence of such testimony did not render the evidence insufficient to support the jury's determination that it was defendant who set fire to his trailer. Defendant's argument relies on the possibility that someone other than defendant may have gone to the trailer after he left and started the fire without being seen. However, the prosecution need not negate every theory of innocence, even if the theory is reasonable, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Viewing the direct and circumstantial evidence in a light most favorable to the prosecution, *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002), adhering to the principle that we must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses, *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), appreciating that circumstantial evidence and reasonable inferences arising from such evidence can constitute satisfactory proof of an element of a crime, *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), and resolving all conflicts in the evidence in favor of the prosecution, *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), we hold that there was sufficient evidence for a rational

---

[1] We note that we do not know whether or not the neighbor was looking out of her bedroom window up until the time she saw the smoke. The neighbor's testimony that she did not see anyone other than defendant at the trailer prior to the fire certainly may have implied that she was looking the entire time. Such an inference would have been reasonable, especially given the neighbor's testimony that she spent "most" of her time in her bedroom because of her ailments. Defendant's appellate argument necessarily assumes that the neighbor's testimony could not be interpreted to give rise to the above-described implication or inference, and we question the soundness of this assumption. But, for purposes of this appeal, we will give defendant the benefit of this assumption despite our hesitation to do so.

juror to find that defendant set fire to a dwelling – defendant's trailer.[2] This evidence consisted of the expert testimony that the fire was intentionally set, which, again, defendant does not dispute, defendant's undisputed presence at the trailer shortly before smoke was seen by the neighbor, defendant's out-of-the-ordinary movements at his trailer prior to the fire, defendant's recovery of insurance proceeds in more than twice the amount that would have been generated by a sale of the trailer, and the absence of evidence placing anyone else at the scene before the fire erupted. Reversal is unwarranted.[3]

With respect to defendant's great-weight argument, he has failed to demonstrate that the evidence showing that defendant committed arson, alluded to above in the context of our sufficiency analysis, contradicted indisputable physical facts or law, was patently incredible, defied physical realities, was so inherently implausible that a reasonable juror could not believe the evidence, or was so seriously impeached that it was deprived of all probative value. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015). Because there were no exceptional circumstances, the issue concerning the credibility of the testimony by the neighbor was for the jury to assess. *Lemmon*, 456 Mich at 642. In sum, the evidence did not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003).

With respect to defendant's claim of prosecutorial misconduct, he maintains that the prosecutor repeatedly contended during closing argument that the neighbor had testified that she did not let defendant's trailer out of her sight between the time she observed defendant driving away in his truck and the point at which she first saw smoke emanating from the trailer. As to said timespan, the prosecutor did argue that the neighbor "was sitting there watching the entire time." As indicated in footnote 1 of this opinion, while the neighbor did not actually state that she remained at her bedroom window the entire time, one could reasonably infer from her testimony that such was the case. "A prosecutor may not make a factual statement to the jury that is not supported by the evidence, but he or she is free to argue the evidence and all reasonable inferences arising from it as they relate to his or her theory of the case." *People v*

---

[2] MCL 750.73(1) provides that "a person who willfully or maliciously burns, damages, or destroys by fire . . . a dwelling, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire . . ., or its contents, is guilty of second degree arson."

[3] There was also the testimony by the daughter's male friend that he saw smoke within 25 to 30 minutes of noticing that defendant's truck was gone. Although defendant makes a great deal out of the purported discrepancy in the testimony by the neighbor and the male friend regarding how long defendant had been gone before smoke was seen, these witnesses were providing estimates and the timeframes are not that divergent. Moreover, the male friend was not initially sure where the smoke bellowing in the sky originated from until he drove down to defendant's trailer, thereby suggesting that when the smoke reached such an extent that he could see it from a distance, the fire had likely been burning for some period of time. It is also conceivable that the friend's observation that defendant's truck was gone pertained to the first time defendant had left the trailer and prior to his return and second exit.

*Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Further, consistent with our earlier comment that we would give defendant the benefit of his assumption that it could not be inferred or implied that the neighbor remained in her position to observe the trailer, reversal would still be unwarranted even had the prosecutor misstated the facts. The trial court instructed the jury that the arguments by counsel did not constitute evidence. Indeed, defense counsel indicated in his closing argument that the neighbor went back to whatever she was doing after seeing defendant back into the trailer's driveway, suggesting that she took her eye off of the trailer, yet there was no record support for such a proposition. It was ultimately for the jury to assess *the evidence* and determine the weight to be given to the neighbor's testimony that she did not see anyone at the trailer except for defendant prior to seeing smoke. Assuming that the prosecutor presented an argument unsupported by the evidence, and given the evidence of guilt and the court's instruction, defendant has failed to establish plain error affecting defendant's substantial rights, his actual innocence, or a serious impact on the fairness and integrity of the judicial proceedings on this unpreserved argument of prosecutorial misconduct. *Carines*, 460 Mich at 763-764.

Finally, with regard to defendant's claim of ineffective assistance of counsel, we reject defendant's argument that counsel was ineffective for failing to object to the prosecutor's above-referenced remarks during closing argument. Because a reasonable inference of the neighbor's continuing observation of the trailer arose from her testimony, counsel's performance in failing to object was not deficient. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Additionally, assuming deficient performance, defendant has failed to establish the requisite prejudice. *Id.*

Defendant also argues that counsel was ineffective for failing to impeach the neighbor at trial with alleged inconsistent statements made by her at the preliminary examination. During the neighbor's cross-examination at the preliminary examination, she indicated that she was unsure how much time transpired between defendant leaving the trailer and her observation of smoke, while at trial she testified that it was ten minutes or less. However, at the preliminary examination, the neighbor also testified that the pertinent timespan "was just a few minutes." It is clear that her preliminary examination testimony on cross-examination merely indicated an inability to give an exact timespan in terms of minutes; it was not as if her preliminary examination testimony suggested that the timespan was much greater than the ten minutes alluded to at trial. There was no deficient performance by counsel, nor has prejudice been shown. Defendant also points to the neighbor's testimony at the preliminary examination that she "might have looked away a bit" and "just didn't keep [her] eyes on it." However, this testimony pertained to the neighbor's observations of the fire *after* she first saw smoke coming from the trailer. Again, there was no deficient performance by counsel, nor has prejudice been shown.

Affirmed.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Kirsten Frank Kelly